COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP839-CR**

Cir. Ct. No. **2016CT53**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LONNIE P. AYOTTE, JR.,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Marquette County: BERNARD N. BULT, Judge. *Affirmed.*

¶1 LUNDSTEN, P.J.[1] Lonnie Ayotte appeals a judgment of the circuit court entered on a jury verdict finding him guilty of operating a motor vehicle with

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c). All references to the Wisconsin Statutes are to the 2017-18 version, unless otherwise noted.

a prohibited alcohol concentration, as a fourth offense, contrary to WIS. STAT. § 346.63(1)(b) (2015-16). Ayotte argues that the circuit court improperly denied his motion to suppress the results of blood alcohol testing of his blood.

¶2 The suppression issue here is the same issue just resolved by our supreme court in *State v. Randall*, 2019 WI 80, __ Wis. 2d __, __ N.W.2d __. The *Randall* decision controls here, and requires that we affirm the circuit court.

## *Background*

¶3 On April 12, 2016, Ayotte was arrested for operating with a prohibited alcohol concentration. Ayotte submitted to a blood draw after being read the Informing the Accused form. A medical technician drew Ayotte's blood.

¶4 On April 20, 2016, Ayotte sent a letter to the State Crime Laboratory, "asserting his right to privacy in his blood and request[ing] that no analysis be run without a warrant authorizing so." Ayotte sent a copy of the letter to the Marquette County District Attorney's Office. Despite the letter, the crime lab tested the blood sample and detected a blood-alcohol level of .032. It was unlawful for Ayotte to operate a motor vehicle with a blood-alcohol level of more than .02.

¶5 The Marquette County District Attorney's Office charged Ayotte with operating a motor vehicle with a prohibited alcohol concentration. Ayotte filed a motion to suppress the results of the blood test on the basis that testing his blood, after he withdrew his consent, violated the Fourth Amendment. The circuit court denied Ayotte's motion to suppress, concluding that the blood draw and test were not two legally distinct events and that, consequently, the withdrawal of consent was not effective.

¶6 Following a jury trial, Ayotte was found guilty of operating a motor vehicle with a prohibited alcohol concentration. Ayotte now appeals.

### Discussion

¶7 As in *Randall*, Ayotte consented to a blood draw. *See Randall*, 2019 WI 80, ¶2. As in *Randall*, Ayotte withdrew consent before his blood was tested, but his blood was tested nonetheless. *See id.*, ¶3. And, as in *Randall*, Ayotte argued that the testing of his blood was both a search within the meaning of the Fourth Amendment and an illegal warrantless search because the only possible justification for the search was consent, which he had withdrawn prior to the blood testing. *See id.*, ¶¶5, 8, 11, 14-16.

¶8 I read the lead and concurring opinions in *Randall* as agreeing that, when a defendant like Ayotte withdraws consent after a lawful blood draw, the withdrawal of consent has no effect on the lawfulness of testing the blood drawn for the presence of alcohol. *See id.*, ¶¶1 n.1, 36-38; *see also id.*, ¶¶41-42 (Roggensack, C.J., concurring). This is true because the lead and concurring opinions agree that a person in Ayotte's position does not have a reasonable expectation of privacy in the alcohol content of blood that was legally drawn. *See id.*, ¶39 n.14; *see also id.*, ¶¶41-42 (Roggensack, C.J., concurring).

¶9 It follows that Ayotte's Fourth Amendment rights were not violated when the circuit court declined to suppress the results of the testing of Ayotte's blood.

### Conclusion

¶10 For the foregoing reasons, I affirm.

3

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.